## THE STATE v. HURT—STATE v. SIGHTS.

Petty larceny is a trespass, within the meaning of the 22d sec. of 3d. art. of the act concerning practice and proceedings in criminal cases, (R. S. 1835, p. 451,) and the name of a prosecutor must be endorsed on the indictment

Scott, Judge, dissenting.

1. Appeal from the Linn Circuit Court.

2. Error to the Linn Circuit Court.

STRINGFELLOW for the State.

JONES for Appellee.

*Opinion of the Court, delivered by Napton, Judge.*

These cases are similar. In each case, there were indictments for petty larceny, and endorsed by prosecutors, and the only question is, whether such endorsement was necessary or proper.

To determine this question, the simple inquiry must be, whether larceny is a *trespass, not amounting to felony?* To call larceny a trespass, I must admit, is abhorrent to all notions of the offence derived from the common law ; yet our statute expressly declares it is not a felony. By the common law, every larceny included a trespass, but the trespass was merged in the felony; can this be so under our statute,

APRIL TERM 1842.

The State v. Hurt

The State v. Sights.

Petty larceny is a trespass, within the meaning of the 22d sec. of 3 art., of the act concerning practice and proceedings in criminal cases, (R. S. 1835, and p. 481.) the name of a prosecutor must be endorsed on the indictment.

when the act in terms, declares it to be no felony? and whet· the word feloniously seems to be purposely omitted in defining the offence?

Our statute was not designed to alter the nature of the offence; the *animo furandi* must still be charged and proved; but our statutory definition of felony, was intended to form a standard to regulate the amount of punishment, and fix the liability of prosecutors.

It is to be observed, that under our statute, the word felony, in no instance means a common law felony; it is no more to be understood in that sense, in the act fixing the liability of prosecutors, than when used in any other part of the criminal code. When, therefore, the act declares, that a prosecutor's name shall be endorsed on every indictment for a trespass, not amounting to a felony, we cannot exclude from its operation a trespass, which amounted to a felony at common law, but which does not amount to a felony under the act. The judgment for costs against Linn county, should be reversed, and judgment entered against the prosecutor.

## Opinion of Scott, Judge.

An indictment against John Sights, for petty larceny, was preferred to the grand jury of Linn county, on which the name of Mordecai Lane was endorsed as prosecutor: the grand jury returned the indictment "Not a true bill," thereupon, a motion was made to enter a judgment for costs against Lane, which was overruled by the court. This is the error assigned. The 22d sec. of the 3d art., of the act to regulate the practice and proceedings in criminal cases, declares, that "No indictment for any trespass against the person or property of another, not amounting to felony, shall be preferred, unless the name of a prosecutor, as such, is endorsed thereon:" the 24th sec. of the same article, enacts, "That if any indictment so endorsed, shall be returned by the grand jury, "Not a true bill," the prosecutor shall be adjudged to pay the costs. It is contended on the part of the State, that, as by statute, petty larceny is no longer a felony, that, therefore, it is a trespass not amount-

ing to felony, and within the meaning of the above reci-ted act.

It is evident that every larceny includes a trespass, but it is something more than a trespass. In prosecutions for larceny, no defence is more common than that the taking was a bare trespass, and not a larceny. Although by our statute, petty larceny is no longer a felony, yet it will not be pretended, that the same ingredients are not necessary to constitute the offence, and that in prosecutions for it, the same evidence must be produced, which was requisite to a conviction before the offence was declared not to be a felony.

The *animo furandi* is still necessary to constitute petty larceny, and whenever the taking is *animo furandi* it ceases to be a trespass, and becomes a mere heinous offence. If the legislature should make murder punishable by fine and imprisonment in the county jail, would that, in cases where the death was caused by force, make the crime a mere trespass? A reference to the last sections of the 3d article, of the act concerning crimes and punishments, will show many instances of trespasses, not amounting to felony, which are amply sufficient to satisfy the words of the law, without by a forced construction, which changes the nature of offences, extending its operation to crimes which were never inten'ed to be included in its provisions.